IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanicqua Bryant and William : 
Leftenant : 
               v. : 
Pottstown School District, Christina : 
Cozart, Sherri Morrett, Shannon : 
Pierce : No. 1469 C.D. 2024
      : Submitted: February 3, 2026
Appeal of: Shanicqua Bryant

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STELLA M. TSAI, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE TSAI                              FILED: July 1, 2026

Appellant Shanicqua Bryant (Plaintiff Bryant) appeals, *pro se*, from an order of the Court of Common Pleas of Montgomery County (trial court), denying an emergency motion for a temporary restraining order and preliminary injunction.[1] We affirm.

---

[1] The trial court's order is dated January 18, 2024, but was served on the parties on January 23, 2024. *See* Pa.R.A.P. 108(b) (providing that the date of entry of an order in any matter subject to the Pennsylvania Rules of Civil Procedure is the date on which the clerk gave written notice of the order to the parties as required by Pa.R.Civ.P. 236(b)). In its opinion filed pursuant to Pa.R.A.P. 1925(a), dated March 22, 2024 (Rule 1925(a) Opinion or Trial Court Opinion), the trial court incorrectly opined that Plaintiff Bryant's notice of appeal was untimely under Pa.R.A.P. 903. Trial Ct. Op. at 4 n.2. In reaching that conclusion, the trial court calculated from January 18, 2024—*i.e.*, the date that appeared on the order—rather than from January 23, 2024—*i.e.*, the date the clerk gave written notice of the order. *See id.* Thus, Plaintiff Bryant timely filed her notice of appeal.

# I. BACKGROUND

The following facts do not appear to be in dispute. Plaintiff Bryant and William Leftenant[2] (collectively Plaintiffs) are the parents of D.H. (Student), a child who was enrolled in the Pottstown School District (Pottstown District) through April of 2022. N.T., 1/18/24, at 23-25, 59-60. Student has special needs and an IEP.[3] *Id.* at 23-24. On April 7, 2022, Student was physically assaulted while at the Pottstown District's high school. *Id.* at 24-25, 59. Subsequently, in June of 2022, Plaintiff Bryant entered into a settlement agreement with the Pottstown District through which the Pottstown District agreed to find an alternative educational placement for Student and to pay for tuition if it placed him at a private school. *Id.* at 37-38, 41. Additionally, the Pottstown District placed $25,000 in an education fund to pay for Student's education-related expenses. *Id.* at 39-40. However, due to disagreements about the implementation and validity of the June 2022 settlement agreement, Plaintiff Bryant commenced an action against the Pottstown District in the United States District Court for the Eastern District of Pennsylvania. *Id.* at 36, 55-56. Plaintiffs and the Pottstown District resolved the federal lawsuit, entering into a modified settlement agreement in December of 2022, which included the same terms as the June 2022 agreement, plus an additional $35,000 payment to Plaintiff Bryant for pain and suffering. *Id.* at 38-39, 47-48; Original Record (O.R.) at 153-57 (second amended complaint, exhibit D).[4]

---

[2] Mr. Leftenant did not sign the notice of appeal and, therefore, is technically considered an appellee in this matter. Nevertheless, Mr. Leftenant filed an application for joinder in this matter, informing the Court that he joins in Plaintiff Bryant's brief.

[3] Individualized education plan. *See A.S. v. Office for Disp. Resol. (Quakertown Cmty. Sch. Dist.)*, 88 A.3d 256, 258 n.1 (Pa. Cmwlth. 2014).

[4] References to the original record reflect electronic pagination.

The Pottstown District placed Student at Phelps Academy in January of 2023. N.T., 1/18/24, at 48-49. Around September of the same year, Plaintiff Bryant enrolled Student in a different school, specifically the Pottsgrove School District. *Id.* at 6, 10, 49, 53, 57. The Pottstown District transferred Student's records, including his IEP, to the Pottsgrove School District. *Id.* at 53, 57.

In August 2023, Plaintiffs, acting *pro se*, filed a civil action in the trial court against Appellees Pottstown District, Shannon Pierce, Cheryl Morett (collectively, Defendants),[5] and Christina Cozart. In their amended complaint, Plaintiffs pleaded counts for breach of contract, fraud, and violation of First Amendment rights, among other claims. Plaintiffs alleged, in part, that Plaintiff Bryant had signed the June 2022 settlement agreement with Pottstown District under duress. O.R. at 131-35 (second amended complaint).

Plaintiff Bryant then separately filed a special education due process complaint with the Pennsylvania Office of Dispute Resolution (ODR), alleging that the Pottstown District had altered Student's IEP before transmitting it to the Pottsgrove School District. O.R. at 202 (ODR order, 11/20/23). An ODR hearing officer dismissed the complaint, explaining that under the settlement agreement, Plaintiff Bryant waived the right to bring claims for violations of the Individuals with Disabilities Education Act (IDEA)[6] and Section 504 of the Federal Rehabilitation Act of 1973[7] until the end of the 2024-2025 school year. *Id.* at 206-07. The ODR hearing officer also acknowledged, however, that Plaintiffs had

---

[5] Ms. Morett's name was spelled as "Sherri Morrett" in Plaintiffs' pleadings. O.R. at 19, 21, 23 (amended complaint); O.R. at 234-35 (second amended complaint); O.R. at 40 n.1 (Defendants' preliminary objections to Plaintiffs' amended complaint).

[6] 20 U.S.C. §§ 1400-1482.

[7] 29 U.S.C. § 794.

brought in state court a civil action seeking to have the settlement agreement voided. *Id.* As a result, the ODR hearing officer dismissed Plaintiff Bryant's administrative complaint <u>without</u> prejudice. *Id.*

On December 14, 2023, Plaintiff Bryant filed with the Montgomery County trial court an emergency motion for temporary restraining order and preliminary injunction, which the trial court treated as a motion for preliminary injunction only. O.R. at 178, 183 (emergency motion for temporary restraining order and preliminary injunction). In the motion, Plaintiff Bryant repeated the claim that the Pottstown District had altered Student's IEP. O.R. at 178-79, 181. Plaintiff Bryant requested that the trial court direct that the ODR adjudicate her claim regarding Student's IEP. O.R. at 183. The trial court held a hearing on January 18, 2024, at which Plaintiff Bryant and Defendant Morett testified. At the conclusion of the hearing, the trial court denied Plaintiff Bryant's motion for a preliminary injunction. N.T., 1/18/24, at 64-69. The trial court reduced its order to writing and entered the order on January 23, 2024. Plaintiff Bryant filed a timely notice of appeal.[8]

## II. ISSUES ON APPEAL

On appeal, Plaintiff Bryant raises a myriad of issues, which we have reordered for purposes of the disposition of the issues. Plaintiff Bryant argues that the trial court applied an incorrect standard for the grant of a preliminary injunction, and that the trial court erred in concluding that she was not entitled to a preliminary injunction. Plaintiff Bryant further maintains that, in deciding the preliminary injunction matter, the trial court misapplied the law concerning contracts entered into under duress. Plaintiff Bryant further argues that the trial court erred by making

---

[8] Plaintiff Bryant initially appealed to the Superior Court, which transferred the appeal to this Court on October 31, 2024.

4

a decision about the education of a child with disabilities and whether the Pottstown District violated the IDEA, which Plaintiff Bryant contends is within the jurisdiction of the ODR and not the trial court. Plaintiff Bryant also challenges the manner in which the trial court judge conducted the hearing, arguing that the trial court judge should have voluntarily recused from the matter and erred in not reading Plaintiff Bryant's motion with exhibits and the answer from Defendants prior to the hearing so the judge could make an informed decision.[9]

## III. DISCUSSION

### A. Preliminary Injunction

A petitioner must prove six prerequisites to obtain a preliminary injunction. *Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003). Our Supreme Court has stated:

> First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than

---

[9] The Court has paraphrased and consolidated Plaintiff Bryant's issues for purposes of our disposition. Plaintiff Bryant identifies six issues in her statement of questions involved, but the argument section of her brief is divided into four non-corresponding sections. The Pennsylvania Rules of Appellate Procedure require that the argument section of the brief be divided into as many parts as there are questions to be argued. *See* Pa.R.A.P. 2119(a). Failure to do so may result in waiver. *See Commonwealth by Dep't of Cmty. & Econ. Dev. v. Reitmeyer*, 340 A.3d 380, 388 n.7 (Pa. Cmwlth. 2025). We are, however, able to glean from Plaintiff Bryant's brief several issues that are identifiable with arguments that are somewhat developed. While we do not condone Plaintiff Bryant's failure to comply with the Rules of Appellate Procedure, "because we may discern the argument[s she] attempts to raise on appeal, we decline to find waiver in this instance." *Id.* (citation omitted).

Additionally, we note that Plaintiff Bryant also argues that "the trial court err [sic] in not granting [Plaintiff Bryant's] reconsideration when [Plaintiff Bryant] informed the court of evidence of [Defendants'] perjury and [in not] imposing sanctions." Plaintiff Bryant's Brief at 7 (capitalization omitted). This issue appears to relate to the trial court's order, dated February 6, 2024, which denied Plaintiff Bryant's motion for reconsideration of the order denying the motion for preliminary injunction. This order is not the subject of this appeal and will not be considered.

5

from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. Fourth, the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. Sixth[,] and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

*Id.* (internal citations omitted).

Our Supreme Court recently reiterated that "a party moving for a preliminary injunction has a threshold evidentiary requirement to show actual proof of irreparable harm. A harm is regarded as irreparable when it will cause damage which can be estimated only by conjecture and not by an accurate pecuniary standard." *CKHS, Inc. v. Prospect Med. Holdings, Inc.*, 329 A.3d 1204, 1215 (Pa. 2025) (citations and quotation marks omitted). Further, a "claim of irreparable harm cannot be based on speculation and hypothesis, and[,] for purposes of a preliminary injunction, the harm must be irreversible before it is deemed irreparable." *Cutler v. Chapman*, 289 A.3d 139, 155 (Pa. Cmwlth. 2023).

"[W]hen reviewing a trial court order granting a preliminary injunction, 'appellate courts review . . . for an abuse of discretion.'" *City of Philadelphia v. A Kensington Joint, LLC*, 301 A.3d 988, 998 (Pa. Cmwlth.), *appeal denied*, 309 A.3d 692 (Pa. 2023) (alteration in original) (quoting *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 185 A.3d 985, 995 (Pa. 2018)). Applying this standard of review, we have explained that

we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds

6

exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Id.* (quoting *Roberts v. Bd. of Dirs. of Sch. Dist. of Scranton*, 341 A.2d 475, 478 (Pa. 1975)). With this standard in mind, we now consider the issues raised by Plaintiff Bryant.

Plaintiff Bryant argues that the trial court erred in denying her request for a preliminary injunction because the trial court applied a six-prong test for a preliminary injunction instead of the four-prong test used in federal courts. Plaintiff Bryant's Brief at 21-22. She also contends that the trial court erred in finding that she will not succeed on the merits. *Id.* at 22-23. She further claims that, "[i]f the falsified illegal IEP is not addressed by the hearing officer for ODR and removed[,] this document will become a permanent record of . . . [S]tudent's academic portfolio, which is irreparable and a real and immediate threat of future injury by the [D]istrict to . . . [S]tudent." *Id.* at 23. Lastly, Plaintiff Bryant argues that, with respect to the balance of equities and hardships, Defendants will not suffer any hardship by being ordered to comply with the IDEA. *Id.* at 24.

Defendants respond that Student's enrollment in a different school district is "fatal" to Plaintiff Bryant's claim for injunctive relief. Defendants' Brief at 14. Specifically, Defendants argue that because Plaintiffs conceded that Student is currently enrolled in a different school district, Plaintiff Bryant cannot demonstrate the existence of any immediate and irreparable harm. *Id.* at 15-16. Further, Defendants contend that Plaintiff Bryant's motion for a preliminary injunction "does not allege any current, pending, emergent situation regarding the programming being offered to . . . Student; rather, the motion and the second amended complaint center around allegations regarding the Pottstown District's *prior* actions regarding . . .

Student's educational programming." *Id.* at 16 (emphasis in original) (capitalization omitted).

Here, the trial court explained its denial of Plaintiff Bryant's motion for a preliminary injunction, as follows:[10]

> In [the] [m]otion for [e]mergency [r]elief, Plaintiffs cited to a case that listed four-prongs to grant an injunction. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (case lists four requirements to grant injunctive relief, "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest").
>
> The cited case is a [T]hird [C]ircuit [C]ourt of [A]ppeals case, which is not binding, mandatory authority. This case is merely persuasive. At the hearing, the court stated that this was the wrong test and there is a six-prong test for injunctive relief. Plaintiffs claim it was an error for the [c]ourt not to state those six-prongs. It should be noted that . . . Plaintiffs are unrepresented, *pro se* litigants. It would be improper for the [c]ourt to tell . . . Plaintiffs how to try their case and do their legal research under Rule 2.2 of the Judicial Code of Conduct. Lastly, the four-prongs in the [T]hird [C]ircuit court case and the six-prongs applicable to the [c]ourt are similar.
>
> In fact, both sets of tests state that there must be a showing of irreparable harm, which was not found here. It was testified that [Student] is no longer a student in Pottstown School District. . . . Defendants testified at the hearing . . . that they have no authority or control over [Student's] education since he is not enrolled in the [Pottstown] District. Therefore, there is no immediate threat of irreparable harm that warrants injunctive relief under either test[].

Trial Ct. Op., 3/22/24, at 7-8 (footnotes and some citations omitted) (some formatting altered).

---

[10] Although Plaintiff Bryant filed the motion for preliminary injunction, the trial court references Plaintiffs, as opposed to Plaintiff Bryant, in its opinion.

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Plaintiff Bryant's motion for a preliminary injunction. At the outset, we conclude that the trial court applied the correct legal standard when addressing Plaintiff Bryant's request for a preliminary injunction. Plaintiff Bryant's reliance on federal procedural case law is misplaced because the requested preliminary injunction was filed in the Pennsylvania courts.[11] The failure to satisfy any factor is fatal to the request for a preliminary injunction.

As to the trial court's analysis of the six factors for a preliminary injunction, the trial court concluded that Plaintiffs failed to establish irreparable harm—a requirement in both Pennsylvania law and federal courts. Trial Ct. Op. at 8. Plaintiff Bryant argues here that the alteration to Student's IEP constitutes immediate and irreparable harm. The trial court, however, concluded that Plaintiffs failed to establish the immediate and irreparable harm because Student is now enrolled in the Pottsgrove School District and, as Defendants testified at the hearing, they no longer have any control over Student's education. *Id.*; *see also* N.T., 1/18/24, at 48-49, 53, 57; Plaintiff Bryant's Brief at 15 (stating that Student "is doing well in the new school setting"). Plaintiffs did not address the reality that the Pottstown District no longer has control over Student's educational services, given that Student is no longer enrolled at the Pottstown District. Plaintiffs did not present evidence that the existence of the earlier IEP created by the Pottstown District somehow continues to

---

[11] The Pennsylvania Supreme Court has observed that all state courts are "bound by decisions of the U.S. Supreme Court with respect to the federal Constitution and federal substantive law. However, when resolving matters that involve no federal question, [state courts are] not bound by decisions of the U.S. Supreme Court." *Commonwealth v. Jemison*, 98 A.3d 1254, 1257 (Pa. 2014); *see also Penncrest Sch. Dist. v. Cagle*, 293 A.3d 783, 786 n.2 (Pa. Cmwlth. 2023) (noting that "[g]enerally, federal court decisions are not binding on this Court"), *aff'd*, 341 A.3d 720 (Pa. 2025). Therefore, we are not bound by the federal case law regarding preliminary injunctions to the extent that they differ from our case law.

harm Student or prevents the new school district from creating a different IEP that better meets the needs of Student or that the alleged changes to Student's IEP cannot be modified or removed. Instead, Plaintiffs only offered unsupported assertions that the IEP is permanently part of Student's academic record. Simply put, the unsubstantiated assertions advanced by Plaintiffs do not establish that the actions of the Pottstown District are causing continued harm to Student, let alone the type of irreversible harm necessary to establish irreparable harm.

We agree with the trial court that, because Plaintiffs have enrolled Student in another school district, Plaintiff Bryant cannot demonstrate that Defendants' actions are causing immediate and irreparable harm to Plaintiff Bryant and/or to Student.[12] *See Summit Towne*, 828 A.2d at 1001. Because Plaintiff Bryant cannot satisfy the prerequisites for a preliminary injunction, she is not entitled to relief on this issue.

### B. Law of Contracts/Jurisdiction of ODR

Plaintiff Bryant argues that the trial court erred in its application of the law of contracts as it pertains to contracts entered into under duress, emphasizing that the trial court should have ruled that the settlement agreement is void *ab initio*. She further argues that, because the settlement agreement is void *ab initio*, it does not serve as a barrier to the ODR's exercise of jurisdiction over Plaintiffs' IDEA claims against the Pottstown District. Plaintiff Bryant appears to be laboring under the misapprehension that the trial court's denial of her motion for preliminary injunction constituted unfavorable rulings on both the request for preliminary injunctive relief and the underlying merits issue related to the settlement agreement. This is not the case. Rather, the trial court's denial of preliminary injunctive relief was based on its

---

[12] Additionally, we note that Plaintiff Bryant cannot establish the third prerequisite for preliminary injunctive relief—*i.e.*, that the injunction would restore the parties to their prior status—because the Pottstown District does not have any control over Student's educational services. *See Summit Towne*, 828 A.2d at 1001.

determination that Plaintiff Bryant failed to establish irreparable harm. The trial court, in reaching that decision, did not consider the merits of whether the settlement agreement was void *ab initio* due to duress, and, therefore, it did not make any ruling that will impact the potential for ODR's exercise of jurisdiction in the future should the settlement agreement be set aside. For these reasons, Plaintiff Bryant's arguments on these issues are without merit.

### C. Conduct of Trial Court Judge

Plaintiff Bryant's remaining two issues are related to the conduct of the trial court judge. Specifically, Plaintiff Bryant argues that the trial court judge should have recused himself because the judge previously presided over proceedings involving Student and that the trial court judge was not sufficiently prepared for the hearing. The trial court addressed both issues in its Rule 1925(a) Opinion. We reject both issues as lacking merit.

As to the trial court judge's failure to *sua sponte* recuse himself, Plaintiff Bryant provides no information regarding the type or docket number of the proceeding over which the judge allegedly presided involving Student. The trial court, in its Rule 1925(a) Opinion, declared Plaintiff Bryant's assertion to be false and described the actions the trial court took to confirm that the trial court judge had not overseen any juvenile proceedings involving Student. Trial Ct. Op. at 11. The trial court wrote: "Plaintiff [Bryant's] claim that the [trial court judge] previously oversaw [Student's] juvenile proceedings . . . is blatantly false and may be considered perjury under 18 Pa. C.S. § 4902." *Id.* In light of the fact that the record does not identify any proceedings involving Student over which the trial court judge presided, we cannot conclude that the trial court judge erred in not voluntarily recusing.

11

With regard to the trial court judge's preparation, the trial court noted that the judge reviewed Plaintiff Bryant's motion and summarized its key points during the hearing. *Id.* at 7. Although the judge had not been provided with a courtesy copy of Defendants' filing for review, the judge properly relied on Defendants' testimony. *Id.* Moreover, the parties addressed the history of the matter and the issues at length during the hearing. *Id.* For those reasons, the trial court concluded that the judge was not "severely handicapped" by reviewing Defendants' brief during the hearing. *Id.* For these reasons, we cannot conclude that the trial court judge was insufficiently prepared. Moreover, no amount of additional preparation by the trial court judge would have altered the fact that Plaintiff Bryant failed to prove at the hearing that she and/or Student suffered the requisite harm as a result of the Pottstown District's actions.

## IV. CONCLUSION

Accordingly, we affirm the trial court's order denying Plaintiff Bryant's motion for a preliminary injunction.

_____
STELLA M. TSAI, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanicqua Bryant and William    :
Leftenant    :
                v.    :
Pottstown School District, Christina    :
Cozart, Sherri Morrett, Shannon    :
Pierce    :
                     :  No. 1469 C.D. 2024
Appeal of: Shanicqua Bryant    :

## **O R D E R**

AND NOW, this 1st day of July, 2026, the order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
STELLA M. TSAI, Judge